**HOUSTON & NORTH TEXAS MOTOR FREIGHT LINES, Inc., v. LOCAL NO. 745, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, etc., et al.**

No. 54.

District Court, N. D. Texas, at Dallas.

March 13, 1939.

W. A. Combs, of Houston, Tex., for the motion.

Sam Sayers, of Fort Worth, Tex., and Phinney & Hill, of Dallas, Tex., opposed.

ATWELL, District Judge.

On the evening of March fourth, this court entered a restraining order, placing under restraint, certain respondents against the commission of violence toward employees and property of the complainant and intervenor. That order was entered after careful hearing, in open court, where the right of cross-examination was preserved and granted. One of the witnesses who testified at that hearing, and who was an employee of the complainant, resided at Houston. When he reached his residence, it is alleged that he was cruelly and unconscionably assaulted by certain respondents, and a show cause order was issued upon affidavit, requiring those respondents to show cause why they should not be committed for contempt.

This motion is made by those respondents, claiming they are residents of Houston, Harris County, and, under the statute, they are entitled to trial there.

The care of the law often appears to us; its uprightness, its courage, and its determination to do the right thing. Violation of this law has been alleged against these respondents. They now seek refuge in this same law which, it is claimed, they disregarded. They wish to be protected by the very law they are charged with spurning.

Section 111, Title 29 U.S.C.A., provides that, "In all cases arising under this chapter in which a person shall be charged with contempt in a court of the United States * * *, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the contempt shall have been committed: Provided, That this right shall not apply to contempts committed in the presence of the court or so near thereto as to interfere directly with the administration of justice or to apply to the misbehavior, misconduct, or disobedience of any officer

of the court in respect to the writs, orders, or process of the court."

The Congress was rather explicit there. We don't have any trials in America, other than public trials, nor any juries except impartial juries, and yet the statute provides for public trial and by an impartial jury, as well as for a speedy trial. The Constitution provides for and this court has no other sort than speedy, public and impartial trials.

 I think the proviso clearly demonstrates that if, and when, an alleged contempt is committed outside of the district, and away from the court, so as not to interfere with the orderly administration of the court, that then, and in that event, the person so charged should be tried where he is alleged to have committed the violation.

I think the motion should be granted, and the clerk will certify to the United States court for the Southern District, at Houston, Texas, the original bill, the answer to that bill, the order made on the bill by this court, and the motion for contempt which has been filed here.

Exception noted for the complainants.